**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

———————————

No. 12-1498

ÚRSULA VÁZQUEZ-BALDONADO,

Plaintiff, Appellant,

v.

ALICIA DOMENECH and JOSÉ M. REYES-REYES,

Defendants, Appellees.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

———————————

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

———————————

Mauricio Hernández-Arroyo and Law Offices of Mauricio Hernández-Arroyo, Esq., on brief for appellant.

———————————

March 13, 2015

———————————

**BARRON, Circuit Judge.** Úrsula Vázquez-Baldonado appeals the District Court's denial, with prejudice, of her motion for default judgment against defendants José Reyes-Reyes and Alicia Domenech. Vázquez also appeals the dismissal of her complaint. We affirm.

Vázquez alleged in her first complaint that Domenech engaged in a conspiracy to defraud Vázquez and others by falsely representing Domenech's ability to obtain immigration benefits for her clients. Vázquez sought civil damages under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-68.[1] RICO liability attaches for a "pattern of racketeering activity," id. §§ 1962, 1964, and such a pattern requires "at least two acts of racketeering activity," id. § 1961(5), with qualifying predicate acts of racketeering activity enumerated in § 1961(1).

The defendants "failed to plead or otherwise defend," and the clerk thus entered a default under Federal Rule of Civil Procedure 55(a). Vázquez then moved the District Court for entry of default judgment under Rule 55(b)(2). But the District Court

---

[1] Her first complaint also raised a number of other claims under Puerto Rico law. The District Court dismissed them for failure to state a claim due to inadequate pleading of necessary factual allegations. Vázquez states in her brief on appeal that this dismissal was erroneous. But because this argument is presented, without citation of authority, in a single sentence in a section of the brief titled "Summary of the Legal Argument" and is not developed further, we deem her argument waived. Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175-76 (1st Cir. 2011).

denied Vázquez's motion without prejudice because, among other reasons, the complaint and the motion did not state a claim for civil RICO liability. See Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 537 n.5 (1st Cir. 2011) ("[A] district court may, after entry of default, still conclude that a complaint fails to state a claim."). Specifically, the District Court explained that "[a]lthough the complaint lists a series of predicate and non-predicate acts [to RICO liability], it appears that plaintiff only provides some factual support for wire fraud." Then, quoting Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991), the District Court concluded that "[i]t is not enough for a plaintiff to file a RICO action, chant [the] statutory mantra, and leave the identification of the predicate acts to the time of trial." And, the District Court specifically warned that, if the plaintiff failed to correct these defects in an amended complaint, she risked dismissal with prejudice for want of prosecution.

In response, Vázquez filed an amended complaint and again sought default judgment from the District Court. The District Court again denied the motion, this time with prejudice for want of prosecution. In doing so, the District Court once more concluded that Vázquez had failed to plead facts adequate to establish the existence of at least two predicate racketeering acts and also went on to conclude that Vázquez had failed adequately to plead other

-3-

essential elements of her claim, including the continuity of racketeering activity and the elements of a RICO conspiracy.

In this appeal, Vázquez contends her amended complaint did sufficiently allege the elements of the RICO conspiracy and that the racketeering activity was continuous. But Vázquez does not address the District Court's holding that her complaint failed to state a claim because it did not plausibly allege the existence of at least two predicate RICO acts, as defined by the statute. See 18 U.S.C. § 1961(1) (listing various acts and criminal offenses that qualify as "racketeering activity"). And that means she has waived her challenge to the District Court's determination that her amended complaint failed to state a claim. Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) ("[W]e deem waived claims not made or claims adverted to in a cursory fashion, unaccompanied by developed argument. . . . Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority.").

Vázquez does argue that even if her amended complaint failed to state a claim, the District Court abused its discretion by denying her motion for default judgment with prejudice instead of granting leave to file a second amended complaint. But having already given Vázquez a chance to amend the complaint to address its defects and warning that her failure to do so might result in

dismissal with prejudice, the District Court did not abuse its discretion in doing what it warned it might. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) ("Where, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice.").

The judgment of the District Court is thus affirmed.